IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 10-cv-01859-RPM

JESUS E. RIVERA,

    Petitioner,

v.

ARI ZAVARAS, et al.,

    Respondents.

_____

MEMORANDUM OPINION AND ORDER
_____

    Jesus E. Rivera seeks relief from his conviction and sentence for Second Degree Murder in the District Court of Adams County, Colorado, pursuant to 28 U.S.C. § 2254, claiming constitutional error because he did not receive effective assistance from his trial counsel.

    The events giving rise to the criminal charges took place during the late night of April 6 or early morning of April 7, 2003. Jaime Wright, highly intoxicated, was creating a disturbance in a bar. Rivera offered to take Wright home in a borrowed Chevrolet Blazer. Rivera drove with Wright in the front passenger seat. Wright had a folding knife in a sheath on his belt on his right side. He was stabbed several times, resulting in his death.

    The prosecution charged Rivera with First Degree Murder, Felony Murder and Aggravated Robbery, the latter two charges being based on evidence that he had sold a cell phone belonging to Wright. The jury acquitted Rivera of the charges and found him guilty of the lesser included offense of Second Degree Murder.

The trial court refused to submit the lesser offenses of manslaughter and criminally negligent homicide and a theory of self defense instruction because there was no evidentiary basis since the defendant had not testified.  After those rulings made on the morning of the last day of trial, Rivera told the court that he had changed his mind from his earlier decision not to testify and after the court said he would permit the defense to re-open the case there was the normal cautionary colloquy between the court and the defendant.

At that time Mr. Crane, defendant's attorney, the prosecutor, Mr. Levin, and the court had the following exchange:

> MR. CRANE: The Court may recall some months ago there was a motion to withdraw by the defense and the prosecution had a witness by the name of Deon Thompson, at the jail, who could possibly impeach Mr. Rivera's testimony here today.  Now, we had basically a stipulation that Mr. Levin was not going to call Mr. Thompson.  This raises, I suppose, the question of whether or not the Court would allow the testimony of Mr. Thompson as an impeachment witness if Mr. Rivera testifies on his own behalf?
>
> THE COURT: Mr. Levin?
>
> MR. LEVIN: To quote, Great Doyle, just shoot me now.  I don't intend to call him, but I think I probably can use statements attributed to Mr. Rivera made to Mr. Thompson if he denies making them.  I think I'm stuck, I've got a transcript of the details of that.

>THE COURT: I will allow that, yeah. I'll allow you 10 minutes to discuss and decide what you want to do on this case. You can talk to your client about it, you can discuss it with the District Attorney, whatever, we'll start again at quarter to 11:00.

Trial Transcript 11/3/03, pages 12 & 13.

The reference to the motion to withdraw concerned an earlier pre-trial hearing on defense counsel's motion to withdraw made as a result of the prosecution's identification of Deon Thompson as a possible witness. Thompson was an inmate at the jail with Rivera who had told the prosecution of incriminating statements made to him by Rivera. At a hearing on August 29, 2003, Mr. Levin made the following statement:

>MR. LEVIN: .... Your Honor, the matter is before the Court, I suppose, on a determination as to whether or not the first motion to withdraw filed by the defense is ripe. And I believe after the last hearing the question came down to whether or not we intended to call Mr. Deon Thomson as a witness, to endorse him and call him. He's not yet been endorsed, I do not intend to call him. I believe their motion to withdraw no longer contains any issues.
>
>THE COURT: Mr. Crane, any statement you would wish to make as to that?
>
>MR. CRANE: Given Mr. Levin's comments, no. We would withdraw our first motion to withdraw from Mr. Rivera's case.

Transcript 8/29/03, p. 2.

The petitioner contends that after the exchange on the last day of trial, defense counsel should have renewed his motion to withdraw because it should have been clear that it would be necessary for him to testify to challenge the credibility of Thompson by showing that his purported information was probably based on his access to discovery materials that counsel had given to Rivera in the jail.

That failure was presented to the trial court in a Rule 35 motion with a request for an evidentiary hearing. The trial court denied the motion without a hearing based on the view that the proffer made was insufficient to show prejudice because the assertions made were lacking in that it was not shown that after withdrawal by counsel the defense could have presented admissible testimony to impeach Thompson.

The Colorado Court of Appeals affirmed the denial of the Rule 35 motion in an opinion announced November 19, 2009, holding that summary denial was warranted. The appellate court's ruling was based on this paragraph of the opinion:

> Here, defendant fails to allege the factual basis for trial counsel's purported ethical conflict. Nor does he claim that such a conflict remained at the time counsel did not renew their motion to withdraw. In addition, defendant nowhere indicates the testimony that counsel could have provided. Moreover, to the extent that he suggests that counsel could have testified as to where he kept the discovery materials that the inmate allegedly saw, defendant does not allege that counsel had sufficient personal knowledge to testify to these facts. To the contrary, in his reply brief before us, defendant states that, had they been given the opportunity, defense counsel would have disclosed that "the Defendant told them where he kept his Discovery in his cell." This demonstrates that defense counsel lacked personal knowledge of these facts and that any testimony that counsel could have offered on the subject would have been inadmissible hearsay.

Opinion, pp. 8 and 9.

Applying Strickland v. Washington, 466 U.S. 668 (1984) the Colorado Court of Appeals concluded that the assertions of deficient performance by defense counsel

4

lacked supporting factual allegations and that the attempt to show prejudice was insufficient because it depended upon a string of speculative assumptions.  That decision must be considered by this court within the limitations of 28 U.S.C. § 2254(d).  Because the Colorado Court of Appeals ruling is not contrary to the Strickland standard and was not an unreasonable application of that law and because there has been no showing that the appellate court made an unreasonable determination of the facts from the record, the application for habeas corpus relief is denied.

At oral argument in this court, the applicant's counsel persuasively contended that trial counsel failed to seek clarification of the court's ruling concerning Thompson's statements.  If the court was going to accept transcripts or recordings of prior statements by him there were obvious objections which should have been raised.  There was no effort to claim prosecutorial misconduct in changing the position taken before trial that Thompson would not testify and there was no motion for a delay to permit counsel to call witnesses to impeach Thompson or a motion for mistrial.

All of these possibilities do suggest a deficient performance but this court cannot consider them because they were not raised in the state proceedings.

Upon the foregoing, it is

ORDERED that the application for a writ of habeas corpus is denied and this civil action is dismissed.

DATED:   August 5, 2011

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior Judge